**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLA MEJIA, individually; et al., | No. 16-55585 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-08604-PJW |
| v. | |
| GREYHOUND LINES, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

Carla Mejia, Henry Martinez, and Miguel Martinez appeal the district

court's summary judgment in favor of Greyhound Lines, Inc. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not err in concluding that Greyhound did not owe a duty to warn passengers of the risk of developing deep-vein thrombosis ("DVT"). Under California law, common carriers owe a heightened duty of care. *See* Cal. Civ. Code § 2100. However, the existence and scope of this duty is, in part, determined by the "foreseeability of harm." *See Randi W. v. Muroc Joint Unified Sch. Dist.*, 929 P.2d 582, 588 (Cal. 1997). Although other *Rowland* factors play a role in determining Greyhound's duty, *see id.* (citing *Rowland v. Christian*, 443 P.2d 561, 564 (Cal. 1968)), "foreseeability plays a 'very significant' role in this analysis," *Merrill v. Navegar, Inc.*, 28 P.3d 116, 140 (Cal. 2001). To determine the scope of the duty based on foreseeability of harm, the California Supreme Court has developed a "sliding-scale balancing formula," which requires a court to (1) "determine the specific measures the plaintiff asserts the defendant should have taken to prevent the harm"; (2) "analyze how financially and socially burdensome these proposed measures would be to [the defendant], which measures could range from minimally burdensome to significantly burdensome under the facts of the case"; (3) "identify the nature of the [harm] that the plaintiff claims could have been prevented had the [defendant] taken the proposed measures, and assess how foreseeable (on a continuum from a mere possibility to a reasonable probability) it was that [the harm] would occur"; and (4) compare the burden and the

foreseeability "in determining the scope of the duty." *Castaneda v. Olsher*, 162 P.3d 610, 615-16 (Cal. 2007).

Applying this balancing formula, Plaintiffs present no evidence demonstrating how their claims would have been prevented by the issuance of a warning, and they present no evidence that creates a clear causal link between being sedentary and developing DVT. The submitted evidence reveals that the immobility is a factor generally only when other risk factors (e.g., age, gender, race, trauma, surgery, obesity, cancer, and pregnancy) exist. The mere fact that Greyhound was aware that DVT existed and may have posed risks for some passengers does not, by itself, make DVT a foreseeable risk to passengers creating a duty to warn. As the district court correctly noted, "[t]he science of DVT has not yet reached the point where common carriers like Greyhound can foresee that passengers are in danger of developing DVT when they travel by bus." Thus,

Greyhound did not have a duty to warn passengers.  *See Castaneda*, 162 P.3d at

615.[1]

        **AFFIRMED.**

---

[1] Because Greyhound had no duty to warn passengers of the risks of developing DVT, we need not reach the issue of negligent infliction of emotional distress.  *See Eriksson v. Nunnink*, 183 Cal. Rptr. 3d 234, 251 (Cal. Ct. App. 2015) (holding that a defendant cannot be secondarily liable for the emotional distress claims of a relative to the injury victim if the defendant is not primarily liable to the injury victim).  Even if we were to reach the issue, Plaintiffs failed to establish that they had a contemporaneous understanding of the causal connection between their mother's injury and the "injury-producing event."  *See Fortman v. Förvaltningsbolaget Insulan AB*, 151 Cal. Rptr. 3d 320, 329 n.4, 331 (Cal. Ct. App. 2013).